# UNITED STATES DISTRICT COURT
Western District of Kentucky
Paducah Division

| | |
|---|---|
| Lance B. Boyd )<br>*Plaintiff* )<br>(*and as proposed classes' named Plaintiff*) )<br> )<br>And )<br> )<br>Angela M. Boyd )<br>*Plaintiff* )<br> )<br>v. )<br> )<br>James E. Bruce )<br>     *Defendant* )<br>Serve: )<br> )<br>    James E. Bruce )<br>    1724 South Virginia Street )<br>    P.O. Box 603 )<br>    Hopkinsville, KY 42241-0603 )<br> ) | Case No.  5:21-cv-160-TBR |

## CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

### I. INTRODUCTION

#### Plaintiffs' Individual Claims

1.     This is an action by Plaintiffs Lance Boyd and Angela Boyd ("Plaintiffs") as Kentucky citizen consumers for their individual claims against Defendant James E. Bruce ("Bruce") for his violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.* in attempting to collect and/or collecting their consumer debt.  The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

#### Plaintiff Lance B. Boyd's Proposed Class Action

2.     Lance B. Boyd also alleges the same FDCPA claims he alleged individually as a proposed named plaintiff for a proposed class action set out *infra* against James B. Bruce pursuant to Fed. R. Civ. P. 23 on behalf of all Kentucky consumers similarly situated to Lance B. Boyd for Bruce's violations of the FDCPA, which violations are the same as individually alleged by proposed named class plaintiff Lance B. Boyd.

## Summary of Claims

3. In summary and as more fully set out *infra*, Plaintiffs allege Defendant Bruce violated the FDCPA in his collection of their consumer debt and also the consumer debt of numerous other similarly situated Kentucky consumers as follows: (a) by Bruce knowingly making a false representation of the character, amount, or legal status of Plaintiffs' debt and the debt of similarly situated Kentucky consumers by falsely representing their debt was unsecured in order to attempt to collect an increased amount of attorney fees in violation of 15 U.S.C. §1692e(2)(A) by falsely representing the character of the debt and in violation of §1692f by using unfair and unconscionable means to attempt to collect or collect any debt; (b) by Bruce attempting to collect or collecting an amount of court costs without first serving and/or filing the "Bill of Costs" required by Ky. R. Civ. P. 54.04 and KRS 453.050 in violation of 15 U.S.C. §1692e(5) by taking an action that cannot legally be taken and §1692f(1) by attempting to collect an amount not owed.

4. The collection acts, actions or inactions of Bruce stated *supra* and more fully alleged *infra* each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

## Jurisdiction and Venue

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. §1692k(d), and 28 U.S.C. § 2201. Venue is proper because the nucleus of facts and events at issue in this case arose in McCracken County, Kentucky where Plaintiff is domiciled and which is located in this district.

## Parties

6. Plaintiff Lance B. Boyd is a natural person who resides in McCracken County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

7. Plaintiff Angela M. Boyd is a natural person who resides in McCracken County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

8. Defendant James E. Bruce ("Bruce") is a Kentucky attorney conducting business as a sole proprietorship engaged in the business of collecting debts owned by third parties and on their behalf.

9. Mr. Bruce's principal place of business is located at 1724 South Virginia Street, Hopkinsville, Kentucky 42240.

10.     Mr. Bruce regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and his principal business purpose is the collection of such debt therefore Mr. Bruce a "debt collector" within the meaning of the FDCPA as defined by 15 U.S.C. § 1692a(6).

## II.     ALLEGATIONS

11.     On January 17, 2020, Plaintiff Lance B. Boyd and Angela M. Boyd (jointly, "the Boyds") entered into a personal loan with Heights Finance Corporation ("Heights") (the "Heights Note"). A true and accurate copy of the Heights Note is filed as "Exhibit A."

12.     The Boyds used the proceeds from the Heights Note exclusively for personal, family, and/or household purposes, therefore the Heights Note is a "debt" within the meaning of the FDCPA.

13.     The Heights Note is a type of loan known as a "precomputed finance charge loan" that, instead of interest, added a liquidated finance charge of $1,223.02 to the loan principal up-front, instead of accruing interest. The annual percentage rate ("APR") of the precomputed finance charge as a percentage of the Heights Note principal was stated to be 41.08%.

14.     The Heights Note is a secured loan, secured by the Boyds' household goods.

15.     Heights declared the Heights Note in default on some unknown date in 2020.

16.     On December 3, 2020, Defendant James E. Bruce prepared and filed a complaint (the "Collection Complaint") against the Boyds on behalf of Heights in the McCracken District Court of McCracken County, Kentucky, case number 21-C-01050 (the "Heights Lawsuit") attempting to collect the Heights Note (the "Collection Complaint"). A true and accurate copy of the Collection Complaint filed by Mr. Bruce is filed as "Exhibit B."

17.     The Collection Complaint alleged that the Boyds owed Heights a principal balance of $2,955.72, contract interest, attorney's fees and court costs.

18.     The Collection Complaint made further allegations and demands, stated in relevant part as follows:

(a) The Collection Complaint admitted the Boyds "executed and delivered to Plaintiff <u>a note and security agreement.</u>" (Collection Complaint, ¶2) (underlining added);

(b) The Collection Complaint demanded as relief "[t]hat *the security listed in the Security Agreement* be returned to the Plaintiff;" (Collection Complaint, demand ¶D) (italics and

underlining added);

(c) The Collection Complaint falsely stated that "[p]ursuant to the attached note Plaintiff is entitled to collect from Defendants its attorney's fees to the extent actually paid or agreed to be paid" when in objective fact Plaintiffs only agreed to pay a reasonable attorneys fee. (Collection Complaint, ¶4).

19. On January 18, 2021, Defendant Bruce, on behalf of Heights, filed a motion with the Court for entry of default judgment (the "Motion for Default") to collect the amount the Collection Complaint alleged owed by the Boyds on the Heights Note. A true and accurate copy of the Motion for Default is filed as "Exhibit C."

20. On January 18, 2021 Defendant Bruce also filed a "Verified Motion for Award of Attorney Fees" (the "Verified Fee Motion"). A true and accurate copy of the Verified Fee Motion is filed as "Exhibit D."

21. In the Verified Fee Motion, Defendant Bruce admitted his billable time in the Heights Lawsuit through and including the filing the Motion for Default and Verified Fee Motion totaled "0.85 hours" at an hourly rate of "$250.00", equaling a total incurred fee of ".85 hours x $250.00 = $212.50" [Verified Fee Motion, ¶8].

22. In the Verified Fee Motion, Defendant Bruce made material, false statements/representations to the McCracken District Court, whereby Bruce repeatedly falsely characterized the Heights Note as "unsecured" in an attempt to collect an increase of the attorney fee award to Heights from $212.50 in billable time per hourly rate, to a fee based upon a one third percentage of the debt, which amount sought was $985.24. [Verified Fee Motion ¶4 - 7]

23. On January 21, 2021, the McCracken District Court granted the Motion for Default Judgment and the Verified Fee Motion and entered default judgment in favor of Heights, which judgment awarded an attorney fee of $985.24 (the "Default Judgment"). A true and accurate copy of the Default Judgment is filed as Exhibit "E."

24. On January 29, 2021, eight days after the McCracken District Court granted the Motion for Default, on January 29, 2021, Defendant Bruce filed orders for wage garnishment and served the orders on each of the Boyds' employers to collect the Default Judgment (jointly, the "Wage Garnishments"). True and accurate copies of the Wage Garnishments are attached as Exhibit "F."

25. On January 31, 2021, the Default Judgment became final and beyond appeal.

26. Each of the Wage Garnishments prepared, filed, and served by Defendant Bruce alleged that the Boyds owed Heights court costs of $314.12 in an attempt by Defendant Bruce to collect the alleged court costs of $264.12 stated in the Default Judgment but for which no Bill of Costs was ever filed.

27. At no time did Bruce, on behalf of Heights, move for an enlargement of time to file a bill of costs.

28. Defendant Bruce failed to serve or file the mandatory Bill of Costs required by Ky. R. Civ. P. 54.04 within a reasonable time after entry of the Default Judgment which failure operated as a waiver of Heights' right to recover its court costs in the State Court Lawsuit.

29. On August 3, 2021, the Boyds by counsel moved the McCracken District Court to amend the Default Judgment and amend the attorney's fees to the amount of $212.50 on grounds that the attorney fee award of $985.24 was not reasonable.

30. As grounds for amending and reducing the attorney fee award from $985.24 to $212.50 which Defendant Bruce admitted was incurred based upon his time spent and hourly rate of $250 per hour, the Boyds asserted that the $985.24 fee award had been awarded in whole or in part based upon Defendant Bruce's false representations to the court in his Verified Fee Motion that the Heights Note was unsecured when in fact it secured there was not a sufficient basis stated for the court to award an attorney's fee in excess of four times (4X) the actual time spent of 0.85 hours at the hourly rate of $250, being $212.50.

31. Defendant Bruce's representation that the Heights Note is unsecured is objectively false as is clear from the face of the Heights Note (Exhibit "A"), showing the Heights Note is secured by "Household Goods" and contains a lengthy "Security Agreement."

32. The Boyds further asserted in their Motion To Amend that: (a) the award of $985.24 was unsupported by the pleadings; (b) the attorney fee award of $985.24 was contrary to Kentucky law; (c) the attorney fee award was of $985.24 was based upon a contingency fee compensation agreement between Defendant Bruce and his client Height's Finance to which the Boyds were not a party and they had not agreed; (d) Bruce had admitted in the Verified Fee Motion that $212.50 was the amount justified by the time he had incurred at his hourly rate in obtaining the Default Judgment.

33. On August 8, 2021 Defendant Bruce tendered a proposed order styled "Satisfaction of Judgment and Release of Garnishment" and on September 20, 2021 it was entered by the McCracken District Court (the "Satisfaction of Judgment"). A true and accurate copy of the Satisfaction of Judgment is filed as "Exhibit G."

34. After briefing and oral argument, the McCracken District Court granted the Boyds' motion and entered an order amending the Default Judgment's award of attorney's fees on October 18, 2021 (the "Order Amending Judgment"). A true and accurate copy of the Order Amending Judgment is filed as "Exhibit H."

### III.  PLAINTIFFS' FDCPA CLAIMS

**Count 1 – False Representation That Plaintiffs Heights Note Debt Was Unsecured**

35. Plaintiffs Lance B. Boyd and Angela M. Boyd hereby incorporate in this Count 1 all paragraphs pleaded *supra* including each and every statement, fact asserted and allegation as if set out at length herein.

36. Defendant Bruce violated the FDCPA by falsely representing the character, status and amount of the Heights Note debt of Lance Boyd and Angela Boyd by falsely representing in the Verified Fee Motion that the Heights Note debt was unsecured, in violation of 15 U.S.C. §1692e(2)(A).

37. On January 27, 2021 Defendant Bruce filed the Wage Garnishments against Plaintiff Lance Boyd and Plaintiff Angela Boyd and served same to each of their employers in an attempt to collect the increased attorney fees of $985.24 obtained by Defendant Bruce's false representation that the Boyds' Heights Note debt was unsecured.

38. Plaintiffs paid the increased attorneys fee in full to Defendant Bruce as evidenced by the Satisfaction of Judgment entered September 20, 2021 by the McCracken District Court.

39. On October 18, 2021 the McCracken District Court entered an order amending the Judgment of January 21, 2021 reducing the attorney fee award to $212.50 and ordering that all amounts paid in excess of $212.50 be remitted to Defendants.

40. Pursuant to 15 U.S.C. §1692k(a)(1) Defendant Bruce is liable to Angela Boyd and Lance Boyd jointly and together for their actual damages for the amount of attorney fees they together paid to Heights in excess of $212.50, which is $772.74.

41. Pursuant to 15 U.S.C. §1692k(a)(1) Defendant Bruce is liable to Angela Boyd and Lance Boyd jointly and together for their actual damages for the cost of their legal representation and attorney fees they together incurred for their representation in the McCracken District Court to amend the Default Judgment, which costs and fees equal $1,812.50.

42. Pursuant to 15 U.S.C. §1692k(a)(2) Defendant Bruce is liable to each Plaintiff, individually, for each Plaintiff's statutory damages of up to $1,000.00.

**Count 2 – Attempting to Collect and/or Collecting Court Costs That Were Waived Because Heights Did Not Serve and/or File A Bill of Costs Required Under Ky. R. Civ. P. 54.04**

43. The Default Judgment, prepared and tendered to the McCracken District Court by Defendant Bruce, includes an award of court costs to Heights depicted by image copy as follows:

> 3. The Plaintiff shall recover its prejudgment court costs expended herein in the amount of $264.12.

44. After entry of the Default Judgment Heights failed did not serve to the Boyds or file with the McCracken District Court clerk a Bill of Costs.

45. By mandatory rule under Ky. Civ. R. P. 54.04(2), a party entitled to recover court costs must serve and file a bill of costs on the party liable therefore a bill itemizing costs it seeks to recover, which states:

> A party entitled to recover costs **shall prepare and serve** upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2) (bolding and underlining added).

46. The purpose of requiring the prevailing party to serve a bill of costs is twofold: **(i)** to give the liable party a chance to review and object to the items included as costs and the amount of costs claimed, and **(ii)** to subject the award of costs to judicial oversight and review.

47. Under Kentucky law, the bill of costs must be served and filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

48. If a party seeking to recover court costs fails to serve and file a bill of costs within a reasonable time as required by CR 54.04(2) the party cannot recover court costs.

49. A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

50. Heights finance waived its right to collect court any court costs from the Boyds due because no Bill of Costs was served to the Boyds or filed with the Court Clerk.

51. Defendant Bruce violated the FDCPA under 15 U.S.C. §1692f(1) by attempting to collect and/or collecting via the Wage Garnishments court costs of $264.12 from each of the Boyds that were not owed because not no timely Bill of Costs was served to the Boyds or filed of record by Heights. (see Exhibit F).

52. Pursuant to 15 U.S.C. §1692k(a)(1) Defendant Bruce is liable to Angela Boyd and Lance Boyd jointly and together for their actual damages of $264.12 for the amount of court costs they together paid to Heights.

53. Pursuant to 15 U.S.C. §1692k(a)(2) Defendant Bruce is liable to each of the individual Plaintiffs, Lance Boyd and Angela Boyd, for their statutory damages of up to $1,000.00.

## IV. CLASS ALLEGATIONS

54. Plaintiffs Lance B. Boyd and Angela M. Boyd Plaintiffs hereby incorporate in this their Class Allegations all paragraphs pleaded *supra,* including each and every statement, fact asserted and allegation as if set out at length herein.

55. As he did with Plaintiffs as alleged *supra* in Count 1, Defendant Bruce as a pattern and practice violated the FDCPA by his collection acts, actions and conduct against numerous Kentucky citizen consumers, which number in excess of forty (40) persons, whereby Defendant Bruce attempted to collect and/or collected from such Kentucky citizen consumers an increased amount of attorney fees by making the material false representation in pleadings filed in cases brought by Defendant Bruce in Kentucky courts, falsely stating and/or verifying that the debts he sought to collect from such Kentucky citizen consumers were "unsecured" when in fact such debts were secured debts.

56. Defendant Bruce is therefore liable to such Kentucky citizen consumers against whom he made such false representation for their actual damages for the increase in attorney fees they have paid in excess of the actual billable time he expended on behalf of his clients multiplied by his stated hourly rate of $250 per hour.

57. As alleged by Plaintiffs *supra* in Count 2, Defendant Bruce has, as a pattern and

practice, violated the FDCPA by attempting to collect or collecting court costs without serving or filing the Bill of Costs required by Ky.R.Civ.P. 54.04(2) from Kentucky citizen consumers similarly situated as Plaintiff Lance Boyd by his collection acts, actions and conduct against such similarly situated Kentucky citizen consumers, which number in excess of forty (40) persons,

58.    Plaintiff Lance B. Boyd individually and in the capacity of proposed "named plaintiff" hereby alleges a proposed class action on behalf of the class of Kentucky citizen consumers set out in paragraphs 52 – 57 *supra* against Defendant James E. Bruce comprised of the following persons:

**CLASS I:    Kentucky Citizen Consumers Against Whom Defendant Bruce Falsely Represented In Court Pleadings Such Consumers Debt As Unsecured to Increase Award of Attorney's Fees**

59.    All Kentucky consumers within the meaning of the FDCPA that within the one (1) year period prior to the date of filing of this action by Plaintiff Lance B. Boyd:

**A.**    Entered into a personal loan transaction governed KRS 286.4-533(3) with Heights Finance Corporation, Mariner Finance, LLC, Regency Finance Company, Personal Finance Company, LLC, Lendmark Financial Services, LLC, People's Security Finance Company, Inc., or any other consumer loan company within the meaning of KRS 286.4-410 *et seq.* (hereafter "Consumer Loan Company") by a note or other agreement that included a provision that in the event of default entitled the Consumer Loan Company to recover its reasonable attorney fees;

**AND**

**B.**    Defendant James E. Bruce on behalf of such Consumer Loan Company brought a collection lawsuit against such consumer in any District or Circuit Court of the Commonwealth of Kentucky to collect a "debt" within the meaning of the FDCPA;

**AND**

**C.** Defendant Bruce filed a pleading(s) in the collection lawsuit in which he falsely represented that the debt sued upon was unsecured in an attempt to obtain an increased amount of attorney fees from such person/consumer.

**CLASS II:    Attempting To Collect Court Costs Without Serving or Filing A Bill of Costs**

60.    All Kentucky persons/consumers within the one (1) year period prior to the date of filing of this action by co-Plaintiff Lance B. Boyd against whom:

**A.**    Defendant James E. Bruce brought a lawsuit on behalf of any plaintiff in any

District or Circuit Court of the Commonwealth of Kentucky in which the lawsuit was an attempt to collect a consumer "debt" within the meaning of the FDCPA;

**AND**

  **B.** Defendant James E. Bruce obtained a judgment against the consumer awarding court costs to the plaintiff in the collection lawsuit and did not serve to the liable party/judgment debtor a Bill of Costs within a reasonable time of entry of judgment;

**AND**

  **C.** Defendant James E. Bruce attempted to collect or collected an amount of pre-judgment court costs from the consumer.

  61. The proposed Classes as set defined *supra* and represented by named Plaintiff Lance B. Boyd of which Lance B. Boyd is a member are Classes of persons whose members are so numerous that joinder as parties of individual members is impracticable.

  62. Plaintiff's claims are typical of the claims of the proposed Classes as set out *supra*.

  63. There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed Classes, and the relief sought is common to the entire proposed Class because all members of the proposed Classes have the same issues of law in common as alleged *supra.*

  64. There is no known conflict between named Plaintiff Lance B. Boyd and any other members of the proposed Classes with respect to this action or with respect to the claims for relief herein set forth.

  65. Plaintiff is representative of the proposed Classes and seeks to be a representative party for the proposed Classes because he is able to, and will, fairly and adequately protect the interest of each of the members of the proposed Classes.

  66. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA, FCRA, Kentucky Consumer Protection Act, and other consumer rights litigation, and have successfully represented other claimants in similar litigation.

  67. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication

or could substantially impair or impede their ability to protect their interest.

68.     The class action proposed is the proper way to litigate the claims of the proposed members of the proposed class's because the prosecution of separate actions by individual members of the proposed classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

69.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

70.     The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendant, and/or from public records.

71.     Because many of the persons who comprise the proposed class in this case may not be aware of their rights or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

72.     The foregoing acts and omissions of James E. Bruce with respect to Plaintiffs Lance B. Boyd and Angela M. Boyd individually and with respect to named Plaintiff Lance B. Boyd and the proposed classes alleged *supra* constitute violations of the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA. Defendant Bruce violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute which violations of the FDCPA include, but are not limited to, the following:

    **i.**     **Violation of 15 U.S.C. § 1692f (using unfair or unconscionable means to collect or attempt to collect any debt) and 15 U.S.C. § 1692e(5) (by taking or threatening to take an action that cannot be legally taken to collect a debt)** by Defendant Bruce seeking to collect or collecting an increased amount of attorney's fees from the Boyds and from members of Class I by falsely representing their debt to be unsecured in pleading(s) filed by Defendant Bruce in the McCracken District Court and other District and Circuit Courts of the Commonwealth of Kentucky, and by seeking to collect or collecting court costs from the Boyds and from members of Class II without first serving a Bill of Costs.

    **ii.**      **Violation of 15 U.S.C. § 1692e(2)(A)** by falsely representing to the Boyds and to members of Class II that he, or the plaintiffs he represented, were entitled to collect a sum certain of pre-judgment court costs without having first filed and served a timely Bill of Costs.

    **iii.**      **Violation of 15 U.S.C. § 1692f(1)** by collecting attorney's fees from the Boyds under the Wage Garnishments that Heights did not have a contractual right to collect from the Boyds; by collecting attorney's fees from members of Class I that neither Bruce nor the plaintiffs he represented in collection lawsuits in District or Circuit Courts of the Commonwealth of Kentucky had a contractual right to collect from members of Class I; and by collecting or attempting to collect from the Boyds and from members of Class II pre-judgment court costs without having first filed and served a timely Bill of Costs.

### PRAYER FOR RELIEF

**WHEREFORE**, based upon the facts and claims pleaded *supra*, Plaintiffs Lance B. Boyd and Angela M. Boyd jointly request that the Court grant them the following relief:

1. Award Plaintiffs jointly their actual damages for the increased attorney fees paid to Heights, their court costs paid, and the cost of their legal representation in the state court collection action;

2. Award Plaintiffs individually each the maximum statutory damages permitted by the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Award Plaintiffs their attorneys fees and court costs in bringing this action;

4. Trial by jury; and

5. All other relief to which Plaintiffs may be entitled.

**AND WHEREFORE**, Plaintiff Lance B. Boyd as named Plaintiff for the proposed class action complaint on behalf of the members of the proposed classes requests that the Court grant the following relief:

6. Award the members of Classes I and II their actual damages pursuant to 15 U.S.C. §1692k;

7. Award the members of proposed Classes I and II the maximum statutory damages permitted by the FDCPA pursuant to 15 U.S.C. §1692k;

8. Award the members of Classes I and II reasonable attorney's fees and costs;

9. A trial by jury; and

10. All other relief to which the Classes may be entitled.

                    Submitted by:

                    /s/ James R. McKenzie
                    James R. McKenzie
                    *James R. McKenzie Attorney, PLLC*
                    115 S. Sherrin Avenue, Suite 5
                    Louisville, KY 40207
                    Tel: (502) 371-2179
                    Fax: (502) 257-7309
                    E-mail: jmckenzie@jmckenzielaw.com
                    *Co-counsel for Plaintiffs*

                    James H. Lawson
                    *Lawson at Law, PLLC*
                    P.O. Box 1286
                    Shelbyville, KY 40066
                    Tel: (502) 473-6525
                    Fax: (502) 473-6561
                    E-mail: james@kyconsumerlaw.com
                    *Co-counsel for Plaintiffs*